```
                                                    FILED
                                             U.S. DISTRICT COURT
                                                    GEORGIA
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF GEORGIA         06 MAY 26 PM 12:28
           ALBANY DIVISION
                                                    WKS
                                               DEPUTY CLERK
```

WILLIAM BURCHETTE,

        Plaintiff

vs.

DR. DeWAYNE AYERS,     :   NO. 1:05-CV-170(WLS)

        Defendant     :   **ORDER**

---

Plaintiff **WILLIAM BURCHETTE**, presently an inmate at Hays State Prison in Trion, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. For purposes of dismissal only, plaintiff is **GRANTED** *in forma pauperis* status.

## *I. STANDARD OF REVIEW*

### *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately

unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff alleges that he was transferred to Calhoun State Prison in June 2005, after having had a liver biopsy. He alleges that he was prescribed unspecified medication, that "should have already been provided, yet all [he] received [were] excuses and delays." Plaintiff names as his sole defendant Dr. DeWayne Ayers.

As relief, plaintiff asks the Court to order Dr. Ayers to provide plaintiff with the necessary medication.

## III. DISCUSSION

The Court notes that the Georgia Department of Correction's web site indicates that plaintiff is now confined at Hayes State Prison. The Eleventh Circuit has held that a prisoner's claim for declaratory and injunctive relief is mooted by his transfer or release from the facility about which he complains. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986). Because plaintiff is no longer confined at Calhoun State Prison, it is impossible for Dr. Ayers to provide him with appropriate medical care at that facility. Therefore, this Court cannot fashion equitable relief which conforms to the requested remedy. Accordingly, plaintiff's claim for injunctive relief is **MOOT**.

## IV. CONCLUSION

In light of the foregoing, the instant action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 25th day of May, 2006.

W. LOUIS SANDS, CHIEF JUDGE
UNITED STATES DISTRICT COURT